```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
SHAUNA KING,                                                      :
                                                                  :
                                        Plaintiff,                :     1:20-cv-5160-GHW
                                                                  :
                        -v -                                      :     ORDER OF SERVICE
                                                                  :
NIKE STORE,                                                       :
                                                                  :
                                        Defendant.                :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/2020

GREGORY H. WOODS, United States District Judge:

Plaintiff Shauna King brings this action against Defendant for violations of her constitutional rights, making "false allegations[,]" and discrimination on the basis of her race, color, and/or national origin. Dkt. No. 2 at 2. By order dated August 5, 2020, Chief Judge McMahon granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). Dkt. No. 7.

## DISCUSSION

### A.   Service on Defendant

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that the summons be issued. The

Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Nike Store through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summons, complete the USM-285 forms with the address for the Nike Store and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: August 25, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Nike Store
165 5th Avenue
New York, NY 10010