```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                               :
SHAUNA KING,                                                   :
                                                               :
                                    Plaintiff,                 :            1:20-cv-5160-GHW
                                                               :
                    -v -                                       :               ORDER
                                                               :
NIKE STORE,                                                    :
                                                               :
                                    Defendant.                 :
                                                               :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff initiated this case on July 6, 2020. Dkt. No. 1. Plaintiff was granted leave to proceed *in forma pauperis* on August 5, 2020. Dkt. No. 3. On August 25, 2020, the Court extended the time to serve Defendants until 90 days after the date summons was issued. Dkt. No. 6. The summons was issued on August 26, 2020, and therefore, the deadline for service is November 24, 2020.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). However, it is Plaintiff who must ensure that service is made within 90 days of the date the summons is issued. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff appears to have provided an incorrect address for Defendant and her summons was returned to the Marshal's Service unexecuted on September 10, 2020.  Dkt. No. 7.  Although Plaintiff is entitled to rely on the Marshals, it is still ultimately Plaintiff's responsibility to provide accurate information to enable proper service.  *See Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (citation omitted) (highlighting the need for plaintiff proceeding *in forma pauperis* to "provide sufficient information to identify or locate a defendant"); *Meilleur*, 682 F.3d at 64 (delay in service could be attributed to the Marshals after plaintiff provided sufficient information to locate and serve defendant).

Plaintiff is reminded that the deadline for service is November 24, 2020 and that it is Plaintiff's responsibility to provide the Marshals with accurate information to effect service before that time.

Dated:  September 15, 2020
New York, New York

GREGORY H. WOODS
United States District Judge